USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARGUERITE LAFRANCE,

                                                  Plaintiff,

                          -against-

ANDREW M. SAUL,[1]

                                                Defendant.

-----------------------------------------------------------------X

17-CV-04709 (CM)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE COLLEEN MCMAHON, United States Chief District Judge:**

        Plaintiff commenced this social security action on June 21, 2017. ECF No. 1. On January 2, 2019, Plaintiff's counsel, Christopher James Bowes, filed a motion for attorney's fees under 42 U.S.C. § 406(b). ECF No. 23. This motion was referred to my docket on May 2, 2019. ECF No. 28. For the reasons that follow, Bowes's motion should be granted.

## BACKGROUND

        Plaintiff filed an application for disability benefits on March 13, 2014. ECF No. 24, Declaration of Christopher James Bowes ("Bowes Decl."), ¶ 4. On November 28, 2016, an administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits. Id., ¶ 7. On April 19, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Id., ¶ 8.

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Saul is automatically substituted as the Defendant in this action. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

Thereafter, in June 2017, Plaintiff retained Bowes to pursue Plaintiff's claim in federal court. Bowes Decl., ¶ 9. Pursuant to Bowes's retainer agreement, Plaintiff agreed to pay Bowes 25 percent of any past-due benefits as payment for Bowes's services. Id. & Exhibit A. If benefits were not secured, no fees were due. Id.

Plaintiff filed her complaint on June 21, 2017. ECF No. 1. Following the Commissioner's answer, but before Plaintiff had filed a motion for judgment on the pleadings, the Commissioner offered to remand Plaintiff's claim for additional administrative proceedings. Bowes Decl., ¶ 10. The parties submitted a stipulation and proposed order, which was issued by the Court on April 18, 2018. ECF No. 16.

On remand, a different ALJ found that Plaintiff was entitled to disability benefits since December 2013. Bowes Decl., ¶¶ 17, 18. The Social Security Administration ("SSA") issued a Notice of Award ("NOA") to Plaintiff on December 6, 2018, and sent a copy of the award to Bowes on December 19, 2018. Id. at Exhibit C.

Bowes filed this motion on January 2, 2019. ECF No. 23. He seeks $17,500 in attorney's fees, less the $3,973.13 already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a net fee of $13,526.87.

**LEGAL STANDARD**

Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not "substantially justified." Gisbrecht v. Barnhart, 535 U.S. 789, 794–96 (2002). Section 406(b), invoked here, provides in part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may

> . . . allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. 406(b)(1)(A). Courts should enforce contingent-fee arrangements so long as they are reasonable. See Wells v. Sullivan, 907 F.2d 367, 373 (2d Cir. 1990).

## DISCUSSION

### I. Procedural Posture

Bowes can recover fees under the current procedural posture. Plaintiff's federal claim was remanded to the Commissioner for further administrative proceedings, and the ALJ subsequently awarded Plaintiff retroactive benefits. Bowes Decl., ¶¶ 11, 17 & Exhibit C. The Court of Appeals for the Second Circuit has not addressed whether an attorney can recover fees in these circumstances i.e., when the district court remands for further proceedings *without* an award of benefits.

The clear majority of courts, however, have answered this question in the affirmative. Specifically, these courts have held that § 406(b) allows the district court to award fees in cases of remand so long as the plaintiff is *eventually* awarded benefits, either at the agency level or through further judicial proceedings. See, e.g., McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006); Rose v. Barnhart, No. 01-CV-1645 (KMW) (RLE), 2007 WL 549419, at *3 (S.D.N.Y. Feb. 16, 2007). As a result, because the ALJ awarded Plaintiff benefits after her case was remanded, Bowes can recover attorney's fees under § 406(b).

### II. Timeliness

Recently, the Court of Appeals held that, pursuant to Rule 54 of the Federal Rules of Civil Procedure, a fee application under § 406(b) must be filed within 14 days after the entry of

3

judgment. Sinkler v. Berryhill, No. 18-2044-CV, 2019 WL 3510486, at *1 (2d Cir. Aug. 19, 2019). As the court noted, however, a practical problem arises with filing a motion within that period: § 406(b) caps attorney's fees at 25% of the benefits award, but the Commissioner typically does not calculate the amount of past-due benefits until months after the decision to remand. Id. at *3. To avoid imposing a "deadline that cannot be met," the court applied the doctrine of equitable tolling to extend the time to file a fee motion until 14 days after the claimant is notified of the amount of any benefits award. Id. at *1.

Here, Bowes filed a motion for attorney's fees on January 2, 2019. ECF No. 23. This is 14 days after the SSA sent Bowes the Notice of Award, but 27 days after the SSA sent the NOA to Plaintiff. See Bowes Decl., ¶ 18 & Exhibit C. As a result, under a narrow reading of Sinkler, Bowes's motion may be untimely. The court held that the 14-day filing period starts to run "when the *claimant* receives notice of the benefits calculation." Sinkler, 2019 WL 3510486, at *1, 6 (emphasis added).

The Court doubts whether such a rigid interpretation of the equitable tolling doctrine is warranted. In Walker v. Astrue, cited favorably in Sinkler, the Third Circuit held that "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner, *and counsel is notified of that award*." 593 F.3d 274, 280 (3d Cir. 2010) (emphasis added). Moreover, in rejecting an alternative approach, the court in Sinkler indicated that the relevant date is when counsel, not the claimant, is notified of the benefits calculation. See Sinkler, 2019 WL 3510486, at *3 ("Once *counsel* receives notice of the benefits award . . . there is no sound reason not to apply [Rule 54's] fourteen-day limitations period to a § 406(b) filing.") (emphasis added).

In any event, the Court does not need to decide the proper interpretation of Sinkler at this time. Even assuming the filing period began to run when Plaintiff received the NOA, Bowes's application should still be deemed timely submitted. The deadlines imposed by Rule 54 do not apply if a "court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). As a result, and as noted in Sinkler, district courts can "enlarge the filing period where circumstances warrant," and the Court of Appeals will "generally defer to a [lower court] in deciding when such an alteration is appropriate." Sinkler, 2019 WL 3510486, at *5.

Such an extension is warranted here. For reasons unexplained in the record, the SSA did not send Bowes the Notice of Award until December 19, 2018, nearly two weeks after the NOA was mailed to Plaintiff. Bowes Decl., Exhibit C. Without the Notice of Award, Bowes could not file a motion for attorney's fees because he did not know the amount of past-due benefits. Once the SSA provided that information, Bowes promptly submitted his application to the Court. Given that Bowes did not cause the delay in receiving the NOA — and given that he submitted a fee motion soon after that document was obtained — the deadline under Rule 54 should be extended 13 days from December 20, 2018, until January 2, 2019, and Bowes's motion should be deemed timely submitted.

## III. Reasonableness of the Fee Award

In evaluating the reasonableness of a contingency fee, a court should determine: (1) that the fee is within the 25% statutory cap; (2) whether there has been fraud or overreaching in making the contingency agreement; and (3) whether the fee amount is so large that it constitutes a windfall to the attorney. Cahill v. Colvin, No. 12-CV-9445 (PAE) (MHD), at *1 (S.D.N.Y. Sept. 2, 2016) (citing Wells, 907 F.2d at 372). Fee awards may be made under both § 406(b) and

the EAJA, but the attorney must give the smaller fee to the client. See Gisbrecht, 535 U.S. at 796.

Applying these standards, the Court recommends that the requested fee is reasonable. The Commissioner awarded Plaintiff $124,622 in past-due benefits, which means that § 406(b) caps any award of attorney's fees at $31,155.50. Bowes Decl., ¶¶ 22, 23 & Exhibit C. Because Bowes seeks only $17,500 in fees, his request is well-below the statutory maximum. In addition, the retainer agreement is a straightforward, one-page document that was executed before the filing of Plaintiff's complaint. Id. at Exhibit A. The agreement plainly lays out Plaintiff's obligations upon a favorable outcome, and there is no indication that the agreement is the product of fraud or overreaching. Therefore, unless the requested fee results in a windfall to counsel, Bowes's motion should be granted.

The requested fee does not constitute a windfall to counsel. Bowes seeks an award of attorney's fees in the amount of $17,500 for 19.4 hours of work. Bowes Decl., ¶¶ 24, 26. This is equivalent to an hourly rate of $902.06. Although this amount appears significant relative to the hours worked, it is comparable to other awards that Bowes has received under § 406(b) in this Circuit. See, e.g., Ibbetson v. Saul, No. 14-CV-7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019), adopted by, 2019 WL 3202998 (S.D.N.Y. July 16, 2019) (approving an effective hourly rate of $838.93); Nieves v. Colvin, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2–3 (S.D.N.Y. Dec. 26, 2017), adopted by, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018) (approving an effective hourly rate of $1,009.11); Mills v. Berryhill, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving an effective hourly rate of $1,007.78).

Bowes obtained positive results for his client, securing a remand to the Commissioner for further proceedings. Given the risk of loss assumed in taking a case on a contingency basis — and given that Bowes seeks significantly less than the statutory maximum — his fee award is reasonable. The Court also notes that 19.4 hours is well-within the normal range of hours reasonably expended on a social security case. See Borus v. Astrue, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) ("Although some courts in this circuit find that twenty to forty hours is a reasonable amount of time to spend on routine social security cases, fees have regularly been awarded far in excess of this amount."). In addition, the more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, "to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it." Torres v. Colvin, No. 11-CV-5309 (JGK) (MHD), 2014 WL 909765, at *5 (S.D.N.Y. Feb. 4, 2014), adopted by (S.D.N.Y. Mar. 6, 2014) (approving an effective hourly rate of $1,000 for Bowes).[2]

## CONCLUSION

For the foregoing reasons, the Court recommends granting Bowes's motion for attorney's fees under 42 U.S.C. § 406(b). Bowes should be awarded $17,500 in fees, less the $3,973.13 already received under the EAJA, for a net award of $13,526.87.

DATED: August 26, 2019
New York, New York

SARAH NETBURN
United States Magistrate Judge

\*     \*     \*

---

[2] Some courts in this Circuit have limited the combined fees under §§ 406(a) and 406(b) to 25% of a plaintiff's past due benefits. See Cardenas v. Astrue, No. 12-CV-6760 (AJN), 2016 WL 1305988, at *2 (S.D.N.Y. Mar. 31, 2016) (discussing a split in authority). The Supreme Court has recently foreclosed this inquiry, holding that the Social Security Act does not impose a 25% cap on aggregate fees. Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019).

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge McMahon. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).